IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHEMTOV MICHTAVI, : CIVIL ACTION NO. 1:CV-10-01399
:
    Plaintiff : (Judge Jones)
:
v. : (Magistrate Judge Blewitt)
:
WARDEN WILLIAM SCISM, et al, :
:
    Defendants :

**REPORT AND RECOMMENDATION**

**I. Background.**

On July 7, 2010, Plaintiff Shemtov Michtavi, an inmate at the Low Security Correctional Institution at Allenwood ("LSCI-Allenwood"), White Deer, Pennsylvania, filed, *pro se,* this action, stating that it was brought, in part, pursuant to 28 U.S.C. § 1331, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401, *et seq.,* 42 U.S.C. § 1983, and *Bivens*.[1] (Doc. 1, p.1). Plaintiff also filed a Motion to proceed *in forma pauperis*. (Doc. 2).[2] Plaintiff's Complaint consisted of 18 typed pages and 88 paragraphs. Plaintiff also submitted voluminous exhibits, Exs. 1-52.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff's action falls within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added).
    As Plaintiff correctly indicated, this was a *Bivens* action, in part, since he sought monetary damages from federal officials for alleged violations of his constitutional rights. *See Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.). (Doc. 1, p. 1).

[2] As we previously noted, Plaintiff Michtavi has filed a number of actions with this Court, to wit: *Michtavi v. Federal Bureau of Prisons et al.*, No. 10-CV-1303; *Michtavi v. New York Daily News, et al.*, No. 06-CV-0628; *Michtavi v Miner, et al.*, No. 07-0628; and *Michtavi v. Martinez*, No. 09-CV-1021.

This Court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331 and § 1346. Plaintiff originally named the following thirteen (13) Defendants: LSCI-Allenwood Warden W.(William) Scism; former LSCI- Allenwood Warden J. (Jerry) Martinez; LSCI- Allenwood Captain B. Feltman; LSCI-Allenwood Lieutenant R. Soeller; LSCI- Allenwood Lieutenant J. Wilson; LSCI-Allenwood Special Investigative Services ("SIS") Tech C. Nevil; LSCI- Allenwood Union Unit Team Manager E. Netzband; LSCI-Allenwood Inmate Trust Account Supervisor R. Fogelman; LSCI-Allenwood Medical Supervisor D. Spotts; LSCI-Allenwood Chief Dental Officer W. Cavanaugh, DDS; BOP Regional Director D. Scott Dodrill; the Federal Bureau of Prisons ("BOP"); and the United States of America. (Doc.1, pp. 2 - 3). Plaintiff sued all eleven (11) individual Defendants in both their personal and official capacities. (*Id*.).[3]

On July 8, 2010, Plaintiff was directed to pay the filing fee or file an application to proceed *in forma pauperis* within 30 days of the order. (Doc. 5). In response to the Order, on July 13, 2010, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* and provided authorization for the prison to submit a copy of Plaintiff's trust fund account to the Court, and for the entire filing fee to be deducted from his inmate account. (Docs. 6 and 7). An Administrative Order was sent to the Prison Warden on July 19, 2010. (Doc. 8).

On October 12, 2010, we screened Plaintiff's original Complaint as required under the PLRA. We recommended that Defendants Scism, Martinez, Feltman, Soeller, Wilson, Nevil,

---

[3]With respect to his *Bivens* suit, Plaintiff cannot sue the individual federal Defendants for damages in their of official capacities. *See Smith v. U.S.*, 2007 WL 7313360, *6, n. 13 (M.D. Pa.)(citation omitted). Thus, we recommended that Plaintiff's claims for damages against the eleven (11) individual federal Defendants in their official capacities be dismissed.

2

Netzband, Fogelman, Spotts, and Cavanaugh be dismissed with prejudice, and that all of Plaintiff's claims against them be dismissed entirely under 28 U.S.C. §1915(e)(2)(B)(ii). Also, we recommended that Defendants Federal Bureau of Prisons and the United States of America be dismissed with prejudice, and that Plaintiff's FTCA claim be dismissed with prejudice. We recommend that Plaintiff's *in forma pauperis* motion (Doc. 6) be granted solely for the purpose of filing this action. (Doc. 10).

On December 14, 2010, the District Court issued a Memorandum and Order and directed as follows:

1. The R&R of Magistrate Judge Blewitt (Doc. 10) is **ADOPTED IN PART** and **REJECTED IN PART** to the following extent:

    a. The R&R is **REJECTED** with respect to the recommendation of dismissal on Counts IV and V. The Plaintiff shall file an amended complaint on only these counts within thirty (30) days of the date of this Memorandum and Order.

    b. The R&R is **ADOPTED** in all other respects.

2. This matter is **REMANDED** to Magistrate Judge Blewitt for further pre-trial management.

(Doc. 16, pp. 5-6).

On January 7, 2010, Plaintiff filed his Amended Complaint with numerous attached exhibits. (Doc. 17). Plaintiff's amended pleading, like his original pleading, is quite lengthy, *i.e.* 26 typed pages and 92 paragraphs, even though it is restricted to Plaintiff's two Eighth Amendment denial of proper dental care claims. Also, Plaintiff has named several Defendants in his amended pleading despite the fact that most of them were dismissed with prejudice. Specifically, Plaintiff names the following Defendants in his Amended Complaint: William Scism, Warden and Chief Executive

3

Officer of LSCI-Allenwood; Dr. W. Cavanaugh, D.D.S., dentist at LSCI-Allenwood; D. Spotts, Assistant Health Services Administrator and Supervisor of the Medical Department at LSCI-Allenwood; J. L. Norwood, Northeast Regional Director of the Federal Bureau of Prisons and Chief Executive Officer of the Northeast Region; Harrell Watts, National Inmate Administrative Remedy Coordinator; Does # 1 to #5; Federal Bureau of Prisons; U. S. Public Health Service; and United States of America. (Doc. 17, pp. 4-5).

With respect to Defendant Does #1 to #5, Plaintiff states:

> 11. Defendant Does #1 to #5, whose names are unknown to the Pro-Se Plaintiff at this time were at all times employees of either the Federal Bureau of Prisons, The United States Public Health Service or the United States of America with prior knowledge of the inadequate dental staffing at LSCI-Allenwood and with the authority to order that the necessary dental treatment be provided and were at all times during the events alleged in the Amended Verified Complaint and are named in their individual capacities.

(*Id.*, p. 5, ¶ 11.).

Plaintiff states that he re-names the United States and the BOP as Defendants, and that he names PHS as a Defendant "strictly for injunctive relief purposes." (*Id.*, p. 5).

Also, on January 11, 2011, Plaintiff filed a Motion for Immediate Injunctive Relief pursuant to 28 U.S.C. §1651, the All Writs Act, and a support brief. (Docs. 18 and 19). Plaintiff seeks the Court to order Defendants to start, within 15 days, all dental work medically necessary on him.

The Court stated in *Mitchell v. U.S.*, 419 F. Supp. 2d 709, 711(W.D. Pa. 2005):

> 28 U.S.C. § 1361 states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

The *Mitchell* Court also stated:

> This Court has the authority to issue a Writ of Mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651(a). The Act states that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Id.*

*Id*. at 712.

The standards for determining if a writ of mandamus should issue are:

> According to the Supreme Court, "[t]he extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of a 'clear nondiscretionary duty.'" *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121, 109 S.Ct. 414, 424, 102 L.Ed.2d 408, 425 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984)). The Petitioner must show that he has no other adequate means to attain the relief he desires and that he has a clear and indisputable right to the writ. *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 482 (3d Cir. 1995). Once the Petitioner has made such a showing, it is still within the discretion of this Court to determine whether to issue the writ. *See id.*

*Id*.

The Court in *Bartosek v. Com of Pa*., 2005 WL 2250684, * 1 (W.D. Pa.), stated:

> Mandamus is a "drastic remedy that 'is seldom issued and [ ] is discouraged." ' *In re Patenaude,* 210 F.3d 135, 140 (3d Cir.2000). Petitioners must demonstrate that they "lack adequate alternative means to obtain the relief they seek" and they "carry the burden of showing that their right to issuance of the writ is 'clear and indisputable." ' *Mallard v. United States District Court for the Southern District of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). Section 1361 provides the federal courts with jurisdiction "in the nature of

5

> mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." *Id*.

*See also Cromleigh v. Chenot*, 2008 WL 239567, *2 (M.D. Pa.)("The All Writs Act, 28 U.S.C. § 1651(a), to which Petitioner specifically cites, permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.").

We find that Plaintiff's recent motion essentially seeking a Writ of Mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and requesting the Court to order "the immediate commencement of medically necessary dental work" on him (Doc. 18) should be filed as a separate action from the instant *Bivens* case and we will so recommend.

**II. Allegations of Amended Complaint**.

In his 26-page typed Amended Complaint, Plaintiff essentially alleges that his Eighth Amendment rights have been violated with respect to being denied proper dental care, and he asserts two (2) counts. First, Plaintiff alleges that Defendant Dr. Cavanaugh did not give him proper dental care for periodontal disease and problems with his molar bridge. Plaintiff avers that Defendant Dr. Cavanaugh refused to replace his ill-fitting molar bridge and that as a result his bridge broke. Plaintiff avers that Defendant Dr. Cavanaugh refused to treat him due to non-medical reasons, namely, inadequate staff and budgetary concerns. (Doc. 1, Count I, pp. 15-17).

Plaintiff also names Warden Scism, Norwood and Watts as Defendants with respect to his Count I because they denied his administrative remedy requests and appeals regarding the problems he was having with receiving dental care.

Plaintiff names Spotts as a Defendant in Count I and he avers as follows:

> 77. On September 30th, 2009 Defendant Spotts became personally involved with the ongoing problem I was experiencing in receiving medically necessary dental treatment by virtue of my personally speaking with the Defendant in the Inmate Mess Hall during lunch. Although Defendant Spotts is the Assistant Health Services Administrator for LSCI-Allenwood and is Defendant Cavanaugh's immediate supervisor with the authority to order that I be seen and treated immediately she responded that she is "unable to assist me" thereby denying me demonstrating the Defendant's deliberate indifference to my serious dental problems.

(Doc. 17, p. 22, ¶ 77.).

Plaintiff states that Defendant Spotts is the Assistant Health Services Administrator.

In Count II, Plaintiff claims that he was denied access to medically necessary dental treatment. (Doc. 17, Count II, pp. 22-24). Plaintiff again names as Defendants Dr. Cavanaugh, Warden Scism, Norwood, Watts and Spotts. Plaintiff incorporates his allegations against these Defendants which he averred in Count I.

Plaintiff avers that he has exhausted his BOP administrative remedies, and he has attached copies of his grievances and appeals as part of his Exhibits. (Doc. 17, p. 6, ¶ 15.).

As relief, Plaintiff seeks injunctive relief, as well as money damages. Plaintiff states that sues Defendants Dr. Cavanaugh, Warden Scism, Norwood, Watts, Spotts and Does #1 to #5 in their individual capacities. As stated, Plaintiff states that he re-names the United States and the BOP as Defendants, and that he names PHS as a Defendant "strictly for injunctive relief purposes." (*Id.*, p. 5).

We will now screen Plaintiff's Amended Complaint (Doc. 17) as we are obliged to do under the PLRA.

7

## III. PLRA.

The Prison Litigation Reform Act of 1995,[4] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

## IV. Motion to Dismiss Standard.

In *Reisinger v. Luzerne County*, 2010 WL 1976821, *7 (M.D. Pa.), the Court stated:

The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-

---

[4] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

> pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id. Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

*See also Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009).

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.); *Grayson v. Mayview State Hosp.*, 293 F. 3d 103, 110 (3d Cir. 2002); and *Sharpe v. Costello*, 2007 WL 1098964, *3 (M.D. Pa. 2007).[5]

## V. *Bivens* Standard.

A *Bivens* civil rights action under § 1331 has the same standards as does a § 1983 civil rights action. In *Naranjo v. Martinez,* 2009 WL 4268598, *6 (M.D. Pa.), the Court stated:

---

[5] The Court can consider Plaintiff's exhibits for present screening purposes. *See Reisinger v. Luzerne County*, 2010 WL 1976821, *7; *Kuniskas v. Walsh*, 2010 WL 1390870, *3 (M.D. Pa.).

> *Bivens* creates no substantive rights, but rather allows "a citizen suffering a compensable injury to a constitutionally protected interest [to] invoke the general federal-question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). A civil rights claim brought under Bivens is the federal counterpart to an action brought under 42 U.S.C. § 1983, and the same legal principles governing a § 1983 claim apply to a *Bivens* claim. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir.2001); *Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir.1975); *Cyrus v. Hogsten*, No. 06-2265, 2007 WL 88745, at *3 (M.D.Pa. Jan.9, 2007). To state a claim under *Bivens*, the plaintiff must show that the defendant, acting under color of Federal law, deprived him of a right secured by the Constitution or laws of the United States. *Brown*, 250 F.3d at 800; *Cyrus*, 2007 WL 88745, at *3.
>
> Civil rights claims may only be brought against "persons." 42 U.S.C. § 1983. Individual liability in a civil rights action is personal in nature, and a defendant is liable only if he was personally, affirmatively involved in the alleged malfeasance. *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir.2005); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir.1997), abrogated in part on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (citing *Rhode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988). Further, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009) (collecting cases).

## VI. Discussion.

*1. Defendants Scism, Norwood, Watts, Spotts and Does*

We find that Defendants Scism, Norwood, Watts and Spotts, as well as the Doe Defendants, should be dismissed. As stated, we previously recommended, in part, that Defendants Scism and Spotts be dismissed with prejudice and the Court adopted this recommendation. Moreover, Plaintiff alleges and his exhibits show that the personal involvement of Defendants Scism, Norwood and Watts was based only on their responses to his administrative remedy requests and appeals.

Plaintiff's exhibits show that Defendants Scism, Norwood, Watts and Spotts had no personal involvement with his dental treatment and his molar bridge, and that Defendant Dr. Cavanaugh was treating Plaintiff for his dental conditions.

Simply because Defendants Scism, Norwood and Watts denied Plaintiff's administrative remedy requests and his appeal is not sufficient to name these supervisory BOP officials as Defendants in this civil rights action. The law is well-settled that inmates do not have a constitutional right to a grievance process, and that naming the supervisory Defendants based only on their responses to an inmate's grievance and appeals will subject these Defendants to dismissal. *Bartelli v. Jones*, 231 Fed. Appx. 129, 132 (3d Cir. 2007)("a state grievance procedure does not confer any substantive constitutional right upon prison inmates.")(citation omitted); *O'Connell v. Sobina*, 2008 WL 144199, * 17 (W. D. Pa.); *Jones v. North Carolina Prisoners's Labor Union, Inc.*, 433 U.S. 119, 137-38 (1977). This Court has also recognized that grievance procedures are not constitutionally mandated. *See Chimenti v. Kimber*, Civil No. 3:CV-01-0273, slip op. at p. 18 n. 8 (March 15, 2002) (Vanaskie, C.J.), reversed in part, C.A. No. 03-2056 (3d Cir. June 8, 2005)(Non-Precedential). Even if the prison provides for a grievance procedure, as the BOP does, violations of those procedures do not amount to a civil rights cause of action. *Mann v. Adams*, 855 F. 2d 639, 640 (9th Cir 1988), *cert denied*, 488 U.S. 898 (1988); *Hoover v. Watson*, 886 F. Supp. 410, 418 (D. Del. 1995), aff'd. 74 F. 3d 1226 (3d Cir. 1995). *See also Burnside v. Moser*, Civil No. 04-2485, 12-16-04 Order, p. 3, J. Muir, M.D. Pa., aff'd. 138 Fed. Appx. 414 (3d Cir. 2005)(Even "[i]f the state elects to provide a grievance mechanism, violations of its procedures do not ... give rise to a [constitutional] claim.") (citations omitted). Thus, even if the prison official allegedly failed to

process the prisoner's grievances, no constitutional claim is stated. *Burnside, supra.* *See also Mincy v. Chmieleweski*, 2007 WL 707344,*9, n. 4(M.D. Pa.)(claims by inmates regarding the prison grievance procedures are unavailing since "prisoners do not have a constitutional right to prison grievance procedures." (citations omitted)).

A civil rights complaint should allege the conduct violating the plaintiff's rights, the time and the place of that conduct and the identity of the responsible state officials. Also, a civil rights pleading must include factual allegations to support the constitutional claims raised in the complaint. *See Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949, 1953 (2009).

Liability may only be based upon the Defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976); *Innis v. Wilson*, 2009 WL 1608502 (3d Cir.). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825 (1994) *citing Helling v. McKinney*, 509 U.S. 25 (1993); *Wilson v. Seiter*, 501 U.S. 294 (1991); *Estelle v. Gamble*, 429 U.S. 97 (1976).

Plaintiff's own exhibits show that Defendants Scism, Norwood, and Watts were not deliberately indifferent to Plaintiff regarding his dental care since he was being treated by Defendant Dr. Cavanaugh. (Doc. 17, Ex. V). Even though the stated supervisory Defendants denied Plaintiff's administrative remedy requests and his appeals, these allegations do not state viable Eighth Amendment claims against these Defendants. Plaintiff implicates Defendants Scism, Norwood, and Watts based on their responses to his administrative remedy requests, and thus, we will recommend that these Defendants be dismissed.

12

With respect to Defendant Spotts and Defendant Does, and based on the above quotes from Plaintiff's amended pleading regarding these Defendants, we find that Plaintiff has failed to sufficiently state their personal involvement with respect to his remaining Eighth Amendment denial of proper dental care claims.

Thus, we do not find that Plaintiff has sufficiently stated the required personal involvement with respect to his claims that he was denied proper dental care for his dental conditions as against Defendants Scism, Norwood, Watts and Spotts as well as the Doe Defendants.

In *Williams v. Klem*, 2008 WL 4453100, *7 (M.D. Pa.), the Court stated:

> The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir.1999) (citing *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. *See Spruill v. Gillis,* 372 F.3d 218, 235-36 (3d Cir.2004); *Natale v. Camden Cty. Correctional Facility,* 318 F.3d 575, 582 (3d Cir.2003). In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component). *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 346 (3d Cir.1987); *West v. Keve,* 571 F.2d 158, 161 (3d Cir.1979). A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. *Monmouth Cty. Corr. Inst. Inmates,* 834 F.2d at 347. "Additionally, 'if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment.' " *Young v. Kazmerski,* 266 Fed. Appx. 191, 193 (3d Cir.2008) (quoting *Monmouth Cty. Corr. Inst. Inmates,* 834 F.2d at 347).

*See Hodge v. U.S. Dept. of Justice*, 372 Fed. Appx. 264, 267 (3d Cir. 2010)("In order to prevail on his Eighth Amendment claim, [inmate] must show that the Defendant healthcare providers were

deliberately indifferent to his serious medical needs.").

As mentioned, Plaintiff does not state sufficient personal involvement of Defendants Scism, Norwood, Watts and Spotts, as well as the Doe Defendants, with respect to his Eighth Amendment claims.

In *George v. PA DOC*, 2010 WL 936778, *4 (M.D. Pa.), the Court stated:

> The doctrine of *respondeat superior* does not apply to constitutional claims. *See Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("Government officials may not be held liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior.*" ); *see also Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir.2005) (claims brought under 42 U.S.C. § 1983 cannot be premised on a theory of *respondeat superior* ) (citing *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988)). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events underlying a claim. *Iqbal, supra,* --- U.S. at ----, 129 S.Ct. at 1948 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode,* 845 F.2d at 1207. "In order to satisfy the 'personal involvement' requirement, a [§ 1983] complaint need only allege the conduct, time, place and person responsible." *Solan v. Ranck,* 326 F. App'x 97, 101 (3d Cir.2009) (per curiam) (non-precedential).

*See also Santiago v Warminister Tp.*, 2010 WL 5071779, * 5 (3d Cir. 12-14-10).

The Supreme Court in *Iqbal* repeated the personal involvement necessary in a §1983 action.

In *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009), the Court, citing *Iqbal,* stated:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* No. 07-1015, slip op. at 14 (May 18, 2009) [129 S. Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

> "Innis's allegation against Wilson also fail because Innis is attempting to establish liability based on supervisory liability. *See Rode v. Dellarciprete,*

> 845 F.2d 1195, 1207 (3d Cir.1988) (liability cannot be predicated solely on the operation of respondeat superior, as a defendant must have personal involvement in a civil rights action). Innis does not allege that Wilson had personal knowledge of his injury and subsequently acted with deliberate indifference. *Spruill,* 372 F .3d at 236. Accordingly, these claims were properly dismissed."

*See also Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.).

Thus, we will recommend that supervisory Defendants Scism, Norwood and Watts be dismissed, and that Defendants Spotts as well as the Doe Defendants be dismissed. *See Sims v. Piazza*, 2009 WL 3147800, *5 (M.D. Pa.)("Legal conclusions without factual support are not entitled to the assumption of truth.")(citation omitted); *Brickell v. Clinton County Prison Bd.*, 658 F. Supp. 2d 621, 625-626 (M.D. Pa. 2009). Since Plaintiff has already had an opportunity to amend his pleading and since Defendants Scism and Spotts were already dismissed by the Court with prejudice, we will recommend that the stated nine (9) Defendants be dismissed with prejudice.[6]

*2. Defendants United States, BOP and PHS*

As stated, Plaintiff, in direct violation of the District Court's December 14, 2010, Order, re-names the United States and the BOP as Defendants, as well as names the PHS as a Defendant. Plaintiff states that he names the United States and the federal agencies in this *Bivens* action solely with respect to his injunctive relief requests. The District Court has already dismissed Defendants United States and the BOP with prejudice from this action pursuant to our recommendation in our October 12, 2010 R&R (Doc. 10 p. 49), which was adopted. The District Court did not adopt our

---

[6]We also note that Plaintiff has clearly had more than ample time, *i.e.* since July 7, 2010, to identify any Doe Defendants with respect to his remaining Eighth Amendment claims.

15

recommendation only with respect to the dismissal of Plaintiff's original Counts IV and V regarding his Eighth Amendment denial of proper dental care claims. (Doc. 16). The District Court clearly adopted our R&R "in all other respects." The District Court did not allow Plaintiff to re-name either the United States or the BOP as Defendants in his Amended Complaint. (*Id*.). Thus, Defendants United States and the BOP have already been dismissed with prejudice from this action.

Further, the law is clear that *Bivens* "only authorizes suit against federal officials in their individual capacities and not against the United States and federal agencies." *Goodson v. Maggi*, 2010 WL 1006901, *7 (W.D. Pa. 2-22-10); *Debrew v. Auman*, 354 Fed. Appx. 639, 641 (3d Cir. 2009)("no claims [under *Bivens*] could properly be brought against Defendants in their official capacities.")(citation omitted). As discussed above, we will recommend that Plaintiff be directed to file a separate action with respect to his Motion for Immediate Injunctive Relief pursuant to 28 U.S.C. §1651, the All Writs Act, seeking the Court to order prison medical staff to start, within 15 days, all dental work medically necessary on him. (Doc. 18).

Plaintiff attempts to add a new Defendant in his Amended Complaint, namely, PHS. This Defendant is not related to Plaintiff's Eighth Amendment claims he was allowed to raise in his amended pleading. As mentioned, Plaintiff states that he only names PHS as a Defendant with respect to his request for injunctive relief. We will recommend that this Defendant be dismissed based on the doctrine of sovereign immunity and since adding this new Defendant is in violation of the District Court's December 2010 Order. *See Conway v. Lindsay*, 2008 WL 2562949, *2 (M.D. Pa. 6-24-08), *citing F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Also, an employee of the PHS acting within the scope of his employment cannot be sued in a *Bivens* action. *See Anderson v. BOP*,

16

2005 WL 2314306, *6 (M.D. Pa. 2-22-05)(prison medical staff who is a member of the PHS is entitled to immunity under the Public Health Services Act, 42 U.S.C. §233(a), against inmate's *Bivens* action raising an Eighth Amendment claim for denial of proper medical care).[7]

Thus, we will recommend that all Defendants except for Defendant Dr. Cavanaugh be dismissed with prejudice. We will recommend that Plaintiff be allowed to proceed with only respect to his Eighth Amendment denial of proper dental care claims in his Amended Complaint (Doc. 17) as against Defendant Dr. Cavanaugh.

**VII. Recommendation.**

Based on the foregoing, we respectfully recommend that Defendants Scism, Spotts, Norwood, Watts, Does #1 to #5 be dismissed with prejudice from Plaintiff's Amended Complaint (Doc. 17). We again recommend that Defendants United States and Federal Bureau of Prisons, as well as PHS, be dismissed with prejudice. We recommend that Plaintiff be allowed to proceed only with his Eighth Amendment denial of proper dental care claims against Defendant Dr. Cavanaugh in his Amended Complaint (Doc. 17). Also, we recommend that Plaintiff be directed to file his January 11, 2011 Motion for Immediate Injunctive Relief pursuant to 28 U.S.C. §1651, the All Writs Act, essentially seeking a Writ of Mandamus for the Court to order "the immediate commencement of medically necessary dental work" on him (Doc. 18), as a separate action from the instant *Bivens* case.

---

[7]It appears that Defendant Spotts, Assistant Health Services Administrator, may be a member of the PHS. If so, Defendant Spotts is entitled to immunity under the Public Health Services Act, 42 U.S.C. §233(a), against Plaintiff's *Bivens* action.

Additionally, we recommend that this case be recommitted to the undersigned only with respect to further proceedings as against Defendant Dr. Cavanaugh, including having the Amended Complaint served on this Defendant.

                                              **s/ Thomas M. Blewitt**
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**

**Dated: January 13, 2011**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEMTOV MICHTAVI, | : | CIVIL ACTION NO. 1:CV-10-01399 |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN WILLIAM SCISM, et al, | : | |
| Defendants | : | |

**NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 13, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                             s/ Thomas M. Blewitt
                                             **THOMAS M. BLEWITT**
                                             **United States Magistrate Judge**

**Dated: January 13, 2011**