IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEMTOV MICHTAVI, | : | 1:10-cv-1399 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| WARDEN WILLIAM SCISM, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### February 8, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 22), filed on January 13, 2011, which recommends that the Plaintiff's complaint be dismissed as against Defendants Scism, Norwood, Watts, Spotts, and the John Doe Defendants as well as United States, Bureau of Prisons and Prison Health Services. Magistrate Judge Blewitt also recommends that Plaintiff's Motion for Injunctive Relief be denied in favor of Plaintiff filing a separate action for injunctive relief. Finally, Magistrate Judge Blewitt recommends that Plaintiff's Eighth Amendment claim against Dr. Cavanaugh only be remanded to him for further pre-trial management. Pro *se* Plaintiff Shemtov Michtavi ("Plaintiff" or "Michtavi") filed objections to the R&R

1

on February 3, 2011. (Doc. 25). For the reasons set forth below, the Court will adopt the R&R in part and reject it in part. This matter will be remanded to Magistrate Judge Blewitt for further pretrial management.

I.   STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

II.  DISCUSSION

In ruling on a previous R&R issued in this same case, we permitted Plaintiff to file an amended complaint with respect to his Eighth Amendment claim for denial of proper dental treatment. Much of the factual predicate of the claim involved Dr. Cavanaugh, the dentist at LSCI-Allenwood. We also noted that:

Magistrate Judge Blewitt recommends that both Eighth Amendment claims be dismissed. With respect to both claims, the Magistrate Judge concluded that the Plaintiff only named supervisory officials, Warden Martinez and Warden Scism as Defendants. Citing abundant case law, Magistrate Judge Blewitt finds that these Defendants are improper on this type of claim because they only acted in a supervisory manner and did not acquiesce in or know of the improper care. *See Goodrich v. Clinton County Prison*, 214 Fed. Appx. 105, 112 (3d Cir. 2007)(a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates violations). However, in his objections, Plaintiff notes that he also is bringing these claims against Defendant Cavanaugh, the dentist at FCI-Allenwood. Moreover, in Plaintiff's objections, he notes that a predominant reason for the delay in fitting him for dentures involves the failure of FCI-Allenwood to hire another dentist, despite representations from officials that they facility was actively seeking to hire another dentist. In our view, this allegation alone serves to save these claims from dismissal. *See Young v. Kazmerski*, 266 Fed. Appx. 191 (3d Cir. 2008); *Inmates of the Allegheny County Jail v. Pierce*, 612 F. 2d 754, 763 (3d Cir. 1979)("Thus, where the size of the medical staff at a prison in relation to the number of inmates having serious health problems constitutes an effective denial of access to . . . treatment by qualified health professionals, the 'deliberate indifference' standard . . . has been violated"). **Moreover, inasmuch as high-ranking prison officials would potentially be personally involved in the failure to hire adequate dentists, we cannot so simply find, without a factual record, that these causes of action should be dismissed at this juncture as against them**.

(Doc. 16, pp. 3-4)(emphasis added). In a footnote, we indicated that "to the extent the officials are not responsible for the hiring of dental staff, they may only be held liable for their own deliberate indifference. *See Young,* 226 Fed. Appx. at 194." (Doc. 3 at p.4, fn. 2).

Thus, although not explicitly stated, in our previous ruling we permitted Plaintiff to proceed on this Eighth Amendment claim as against Dr. Cavanaugh *as well as* against high-ranking prison officials who were potentially involved in the prison's alleged failure to hire adequate dentists. Accordingly, we must reject the Magistrate Judge's recommendation that the claim be dismissed against Defendants Scism, Norwood, Watts, Spotts and the John Doe Defendants inamsuch as Plaintiff is entitled to discovery to determine whether any of these individuals were involved in the prison's alleged failure to hire adequate dentists. We do agree, however, that Plaintiff's claims against these Defendants may not sound in *respondeat superior*, and after discovery is conducted in this matter, it may be found that no claims exist against these individuals. However, at this juncture, we cannot dismiss the claims against them as alleged.

Further, on January 10, 2011, Plaintiff filed a Motion for Injunctive Relief (Doc. 18) pursuant to 28 U.S.C. § 1651, the All Writs Act, moving the Court to order the Defendants to start, within 15 days, all dental work medically necessary on him. Pursuant to the All Writs Act, courts have the ability to issue a writ of mandamus, an "extraordinary remedy" that can only be issued to "compel the performance of a 'clear nondiscretionary duty.'" *Mitchell v. U.S.*, 419 F. Supp. 2d 709, 712 (W.D. Pa. 2005)(citing *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121

(1988)(quotations omitted)). Magistrate Judge Blewitt recommends that the Plaintiff's Motion for Injunctive relief be denied in favor of the Plaintiff filing a separate action for injunctive relief.

We respectfully disagree with the Magistrate Judge that Plaintiff's claim for injunctive relief should be severed from the instant action. In the interest of judicial economy and for the sake of promoting consistent adjudications, we believe that Plaintiff should pursue any prayer for injunctive relief relating to his dental work at LSCI-Allenwood within the confines of the current case. However, we do not find that a writ of mandamus is the appropriate method for Plaintiff to achieve this relief and we shall deny the motion without prejudice to Plaintiff to seek injunctive relief in this case. In fact, we note that Plaintiff has included a prayer for injunctive relief within his amended complaint, thus, in the event Plaintiff is successful on the merits, he has protectively asked for the relief he seeks.[1] Moreover, Plaintiff may seek injunctive relief in the form of a motion for temporary restraining order or preliminary injunction if he can meet the touchstones for those forms of relief.[2]

---

[1] As such, we shall protectively permit Prison Health Services to remain as a Defendant in this action inasmuch as Plaintiff's prayer for injunctive relief is directed against that entity.

[2] Plaintiff is advised that if he makes a motion for injunctive relief pursuant to F.R.C.P. 65, he must meet his burden in order to prevail. Further, we note that in the event Plaintiff make such a motion, it shall appropriately be handled by Magistrate Judge Blewitt.

Finally, we shall adopt the Magistrate Judge's recommendation that Plaintiff's amended complaint be dismissed as against the United States of America and Bureau of Prisons. In our previous ruling, we dismissed the claims as against the United States and the BOP, and we see no reason to disturb that ruling herein.

Accordingly, we shall adopt Magistrate Judge Blewitt's R&R in part and reject it in part. We shall remand this matter to Magistrate Judge Blewitt for further pre-trial management.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The R&R of Magistrate Judge Blewitt (Doc. 22) is **ADOPTED IN PART** and **REJECTED IN PART** to the following extent:

    a. The R&R is **REJECTED** with respect to the recommendation of dismissal of Defendants Scism, Spotts, Norwood, Watts and Does #1-#5. The R&R is also rejected with respect to the recommendation of dismissal of Defendant Prison Health Services.

    b. The R&R is **REJECTED** with respect to its recommendation on Plaintiff's Motion for Injunctive Relief. (Doc. 18).

    c.       The R&R is **ADOPTED** with respect to the recommendation of dismissal of Defendants United States of America and Bureau of Prisons. These Defendants are **DISMISSED** from this action with prejudice.

2. Plaintiff's Motion for Injunctive Relief (Doc. 18) is **DENIED.**

3. This matter is **REMANDED** to Magistrate Judge Blewitt for further pre-trial management.

                                                s/ John E. Jones III
                                                John E. Jones III
                                                United States District Judge